IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION


BRANCH BANKING AND
TRUST COMPANY,

                Plaintiff,

v.                                CIVIL ACTION NO.   3:18-0486

MERIDIAN HOLDING COMPANY, LLC
a West Virginia limited liability company;
GREGORY L. HOWARD, JR.;
ROGER J. HARRIS, JR.; and
MICHAEL C. DRAGOVICH,

                Defendants.


**MEMORANDUM OPINION AND ORDER**


Pending before the Court are Defendants' Motion to Amend the Counterclaim, ECF No.

31, and Plaintiff's Partial Motion to Dismiss Counterclaims, ECF No. 20. For the foregoing

reasons, the Court **GRANTS** Defendants' Motion to Amend the Counterclaim (ECF No. 31) and

**DENIES AS MOOT** Plaintiff's Partial Motion to Dismiss Counterclaims (ECF No. 20).

## I. Background

On March 23, 2018, Plaintiff filed a Complaint in this Court seeking collection of an

alleged debt owed by Defendants Meridian Holding Company, LLC; Gregory L. Howard, Jr.;

Roger J. Harris, Jr.; and Michael C. Dragovich, under the terms of a Promissory Note dated April

1, 2008. *Compl.*, ECF No. 1. On May 29, 2017, Defendants each filed an Answer to the Complaint

and asserted Counterclaims against Plaintiff for Breach of Contract (Count I), Breach of Duty of

Good Faith and Fair Dealing (Count II), Common Law Fraud and Misrepresentation (Count III),

Special Duty and Negligence (Count IV), and Promissory Estoppel (Count V). ECF Nos. 11–14. In response, Plaintiff filed a Partial Motion to Dismiss Count IV, alleging Defendants failed to state a claim upon which relief may be granted because no special duty was created simply by virtue of the parties' commercial relationship. *Part. Mot. Dismiss*, p. 2, ECF No. 20. Defendants subsequently sought leave of this Court to cure any alleged deficiencies by including more factual support for Count IV. *Mot. Amend Counterclaim*, p. 2, ECF No. 31.

## II. Legal Standard

Under the Federal Rule of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). "[L]eave to amend a complaint should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edell & Associates, P.C. v. law Offices of Peter G. Angelos*, 264 F.3d 424, 446 (4th Cir. 2001) (internal citations omitted). "An amendment would be futile if the complaint, as amended, would not withstand a motion to dismiss." *Elrod v. Busch Entm't Corp.*, 479 F. App'x 550, 551 (4th Cir. 2012) (*citing Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 471 (4th Cir.2011)).

Since *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court requires courts to look for "plausibility" in the complaint. 550 U.S. at 563. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id.* (citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

### III. Discussion

Plaintiff only opposes the amended counterclaim on the basis that it would be futile, as it could not survive a motion to dismiss. *Resp. Mot. Amend Counterclaim*, p. 3, ECF No. 33. Plaintiff further states the Partial Motion to Dismiss Count IV of the Counterclaim should be granted for substantively similar reasons. *Id.* The dispositive issue for both motions is whether the counterclaim for Count IV, as amended, would survive a motion to dismiss.

In West Virginia, a breach of contract cannot serve as the basis for an action in tort, as "[t]ort liability of the parties to a contract arises from the breach of some positive legal duty

imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contract obligation." *Lockhart v. Airco Heating & Cooling,* 567 S.E.2d 619, 624 (W. Va. 2002). There must exist a "special relationship" between the parties, beyond the terms of the contract. *See Aikens v. Debow,* 541 S.E.2d 576, 589 (W. Va. 2000). "In the lender-borrower context, courts consider whether the lender has created such a 'special relationship' by performing services not normally provided by a lender to a borrower." *Warden v. PHH Mortgage Corp.,* No. 3:10–cv–00075, 2010 WL 3720128, at *9 (N.D.W. Va. Sept. 16, 2010) (citing *Glascock v. City Nat'l Bank of W. Va.,* 576 S.E.2d 540, 545–56 (W. Va. 2002)). A special relationship can develop when a lender moves from the role of lender to that of a financial advisor. *See LaPosta v. Lyle*, No. 5:11-cv-177, 2012 WL 1752550, at *7 (N.D.W. Va. May 16, 2012) (holding a special relationship is sufficiently alleged so as to withstand a motion to dismiss when stating the defendant "acted as an advisor and rendered advice with regard to the plaintiffs' loan options." (internal quotations omitted)).

Here, the amendments specifically alter paragraphs 13–15 of the Counterclaims to clarify that the Plaintiff's loan officers advised Defendants to alter their loans by entering into a new transaction. *Mot. Amend Counterclaim*, at 3. Plaintiff opposes this, claiming that Defendants have improperly amended paragraphs in a separate cause of action and that these changes only involve insufficient conclusory labels. *Resp. Mot. Amend Counterclaim*, at 3–4.

First, the attack by Plaintiff that Defendants altered the incorrect cause of action is without merit. Though the amendments to the Counterclaims alter the language in Count III, the first paragraph in Count IV incorporates this language into their negligence claim. *Mot. Amend Counterclaim*, at 3; See *LaPosta*, at *7 (addressing the same issue).

Second, while there must be more than mere legal conclusions to survive a motion to

dismiss, Plaintiff improperly applies this to Defendants' allegations. The legal conclusion here is a cause of action under a negligence theory, with a special relationship being a necessary element. Defendants have supported this element by stating such a relationship was formed when Plaintiff took on an advisory capacity beyond that of a normal loan provider by offering Defendants substantive financial advice. Rule 8 does not demand "detailed factual allegations[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted); *compare* Fed. R. Civ. P. 9(b).

As such, the Court finds the Amended Counterclaims would survive a motion to dismiss and, as such, is not futile. Since the amended counterclaims go to the heart of the alleged legal deficiencies in Plaintiff's Partial Motion to Dismiss, the Court finds this motion is moot.

## IV. Conclusion

For the aforementioned reasons, the Court **GRANTS** Defendants' Motion to Amend the Counterclaim (ECF No. 31) and **DENIES AS MOOT** Plaintiff's Partial Motion to Dismiss Counterclaims (ECF No. 20).

The Court **DIRECTS** the Clerk to send a copy of this Order and Notice to counsel of record and any unrepresented parties.

ENTER:      February 5, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE