IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRANCH BANKING AND
TRUST COMPANY,

       Plaintiff,

v.             CIVIL ACTION NO. 3:18-0486

MERIDIAN HOLDING COMPANY, LLC
a West Virginia limited liability company;
GREGORY L. HOWARD, JR.;
ROGER J. HARRIS, JR.; and
MICHAEL C. DRAGOVICH,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

  Presently pending before the Court is a motion to strike filed by Third-Party Defendant State Auto Property and Casualty Insurance Company, Inc. ("State Auto"). *Mot. to Strike*, ECF No. 61. Specifically, State Auto moves the Court to strike—or, in the alternative, sever—the Third-Party Complaint filed against it by Defendant Meridian Holding Company, LLC ("Meridian"). *See Third-Party Compl.*, ECF No. 48. The issues have been fully briefed and are ripe for resolution. For the reasons explained herein, the Court **GRANTS** State Auto's motion.

**I. BACKGROUND**

  Plaintiff Branch Banking and Trust Company ("Branch Banking") initiated this action when it filed a Complaint seeking monetary damages for an unpaid promissory note it entered into with Meridian in 2008. *Compl.*, ECF No. 1, at 2. The Note, payable to Branch Banking in the original principal amount of $858,276.62, was partially secured by a commercial property located at 2401 Sissonville Drive in Charleston, West Virginia. *Mot. for Leave*, ECF No. 30, at 2. The

Note matured on January 5, 2018. *Compl.*, at 2. Meridian, along with Defendants Gregory Howard, Jr., Roger Harris, Jr., and Michael Dragovich, allegedly breached the terms of the Note and the individual defendants' subsequent Guaranty Agreements when they defaulted on their debts to Branch Banking. *Id.* at 3. As of March 22, 2018, Branch Banking alleges that "Meridian was indebted to the Bank under the terms of the Note in the principal sum of $614,341.73, plus accrued interest of $9,594.85, and late fees and other charges of $8,065.88, for a total of $632,002.46." *Id.* Meridian responded to these claims by filing a set of counterclaims against Branch Banking, alleging breach of contract, breach of the duty of good faith and fair dealing, common law fraud and misrepresentation, negligence, and promissory estoppel. *Answer & Counterl.*, ECF No. 11, at 5–9. Broadly speaking, these counterclaims are based on a set of allegations that Branch Banking and its officers made certain oral representations regarding the Note that they later ignored. *Id.*

On August 23, 2019, Meridian filed a motion for leave to file a third-party complaint. *Mot. for Leave*, at 1. Meridian alleged that State Auto's "improper refusal to repair . . . damage" at the 2401 Sissonville Drive property caused Branch Banking to break various promises and initiate the instant action. *Id.* at 3. What actually constituted the "damage" at the property is somewhat unclear.[1] What is clear is that the damage, whatever it is, occurred after the Note's January 5, 2018 maturation. Beyond these factual allegations, the Third-Party Complaint contains claims for declaratory judgment, breach of contract, first-party recovery of common law damages for substantially prevailing, and first-party statutory unfair claims settlement practices. *Id.* at 5–10.

---

[1] Meridian's Third-Party Complaint and its Motion for Leave both reference a flooding event, which the Complaint dates to January 10, 2018 and the Motion dates to January 11, 2018. *See Third-Party Compl.*, at 3; *Mot. for Leave*, at 3. More puzzling is the second instance of damage, which the Motion alleges was the result of a vandal stealing electrical components from the property on February 14, 2018. *Mot. for Leave*, at 3. The Complaint makes no reference to this event, and only mentions an ambiguous "second loss" that occurred on or about January 27, 2018 in passing. *Third-Party Compl.*, at 3.

The Court granted Meridian's unopposed Motion for Leave to Amend on January 14, 2019. *Order*, ECF No. 47. On May 13, 2019, State Auto filed the instant Motion to Strike. *Mot. to Strike*, at 1. Pursuant to a stipulation extending deadlines, Meridian filed its Response in Opposition to State Auto's motion on June 11, 2019. *Resp. in Opp'n*, ECF No. 63. Though nominally a response to State Auto's arguments, Meridian effectively included a motion to amend the Third-Party Complaint as part of its filing. *Id.* at 4–6. One week later, State Auto filed a reply memorandum of law. *Reply*, ECF No. 65. Against this factual and procedural background, the Court turns to the legal framework that will govern its analysis.

## II. LEGAL STANDARD

Rule 14(a)(1) of the Federal Rules of Civil Procedure provides that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable for all or part of the claim against it." Where a third-party claim is not proper, "[a]ny party may move to strike" it. Fed. R. Civ. P. 14(a)(4). "Granting leave to bring a third party into an action pursuant to Rule 14(a)(1) falls within the sound discretion of the trial judge and should be liberally construed." *Wright v. Bigger*, No. 5:08CV62, 2008 WL 4900566, at *1 (N.D.W. Va. Nov. 13, 2008) (citing *Baltimore & Ohio R.R. Co. v. Saunders*, 159 F.2d 481, 483–84 (4th Cir. 1947)). Nevertheless, third-party complaints must be based on a theory of secondary or derivative liability to be raised under Rule 14. *See Plumbers & Pipefitters Loc. 625 v. Nitro Constr. Servs., Inc.*, No. 2:18-cv-01097, 2018 WL 6031350, at *2 (S.D.W. Va. Nov. 16, 2018). It follows that a "third-party complaint is not appropriate where a defendant merely attempts to deflect blame onto another party." *AIG Europe Ltd. v. Gen. Sys., Inc.*, No. RDB-13-0216, 2013 WL 6654382, at *2 (D. Md. Dec. 16, 2013). Nor may a third-party complaint institute a new cause of action against a third-

party defendant. *APC First, LLC v. T.H.T., Inc.*, No. 2:02-0942, 2006 WL 8438394, at *4 (S.D.W. Va. Apr. 20, 2006).

"The secondary or derivative liability notion is central" to the scope of third-party claims. 6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1446 (3d ed.). Claims that are simply related to the basis of an action—"even those arising out of the same transaction or occurrence"—do not automatically satisfy the derivative requirement. *AIG Europe Ltd.*, 2013 WL 665482, at *2; *see also Erickson v. Erickson*, 849 F. Supp. 453, 456 (S.D.W. Va. 1994) ("It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim."). Put slightly differently, third-party claims are only viable "where a proposed third party plaintiff says, in effect, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part of anything I must pay plaintiff.'" *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Associates, Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987). With this legal framework in mind, the Court turns to an analysis of the instant dispute.

### III. DISCUSSION

At core, State Auto's motion to strike centers on its argument that the claims contained in Meridian's Third-Party Complaint are not secondary or derivative of Branch Banking's original claims. True enough. Yet this argument actually understates the degree of separation between the claims contained in the Third-Party Complaint and the claims that serve as the basis for this action, as a comparison between both sets of allegations makes abundantly clear.

In the original Complaint, Branch Banking seeks monetary damages for Meridian's failure to repay a promissory note. The note in question matured on January 5, 2018, at which time Meridian and its co-defendants allegedly breached their obligations to Branch Banking. The bank

seeks repayment of the balance of the Note, plus accrued interest and late fees. This is the full extent of Branch Banking's relatively straightforward claims. Meridian's Third-Party Complaint focuses on an entirely different set of facts. It mentions two instances of damage to the 2401 Sissonville Drive property, and requests declaratory judgment on State Auto's denial of coverage and various resulting damages. As State Auto appropriately points out, both instances of damages occurred *after* the Note's maturation on January 5, 2018, and have no bearing at all on Meridian's failure to repay its debts in a timely fashion.[2] Revealingly, the words "note" and "debt" appear nowhere in the Third-Party Complaint. Far from simply failing to present claims against State Auto that are secondary or derivative to Branch Banking's original claims, Meridian has advanced claims that are entirely unrelated to the very basis for this action.

Indeed, the completely independent nature of these claims is made plain by the simple fact that State Auto's liability is not remotely dependent on the outcome of Branch Banking's claims. This Court could determine that Meridian and its co-defendants breached the terms of their promissory note with Branch Banking, or it could determine that no breach occurred. Either way, resolution of Branch Banking's underlying claims and Meridian's counterclaims would have no effect whatsoever on the claims advanced in the Third-Party Complaint. Even if every other aspect of this suit were resolved in Meridian's favor, the Court would still be left to address whether State Auto improperly denied coverage on the losses at 2401 Sissonville Drive. Simply put, a defendant may not assert such unrelated claims as a third-party plaintiff under Rule 14. *See*, *e.g.*, *Plumbers & Pipefitters Loc. 625*, 2018 WL 6031350, at *3.

---

[2] Meridian advances the somewhat bewildering argument that "the fact that the original breach occurred before the loss is not relevant because Meridian would have been able to remedy any technical breach if State Auto had paid the loss claims." *Resp. in Opp'n*, at 3. It is logically impossible for an unanticipated loss that occurs after a breach to have been the cause of that breach.

Recognizing all this, Meridian attempts to salvage the Third-Party Complaint by shoehorning a motion for leave to amend into its Response. Setting aside the fact that no formal motion for leave to amend is properly before the Court, Meridian's request is futile. Of course, the Court recognizes that the "law is well settled that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (internal quotations omitted). The third exception—futility—is most immediately applicable to the instant case. Where a "proposed amendment is clearly insufficient or frivolous on its face," leave to amend will be denied as futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

Here, Meridian "seeks to amend its Third-Party Complaint to set forth the facts necessary to establish (1) State Auto['s] acts and omissions are the true cause of Meridian's breach of the promissory note with Branch Banking; (2) State Auto's acts and omissions are the cause of Meridian's alleged breach of the promissory note with Branch Banking; and (3) adding Gregory L. Howard, Jr., Roger J. Harris, Jr., and Michael Dragovich as Third-Party Plaintiffs."[3] *Resp.*, at 5. Each of these sets of amendments is clearly insufficient to cure the defects in the Third-Party Complaint. With respect to the first and second categories, the Court has already noted that the alleged losses occurred *after* maturation of the Note. More significantly, no new facts establishing causation alter the reality that the success of Meridian's claims against State Auto will have no impact on the success of Branch Banking's claims against Meridian. Adding the individual

---

[3] The Court is admittedly perplexed by the difference between the first and second category of proposed amendments; apart from slightly varied phrasing, they appear to be identical.

defendants as third-party plaintiffs is similarly futile, as the Third-Party Complaint's fatal defects would be unaffected by their inclusion.

Put plainly: State Auto did not breach a promissory note to Branch Banking. Whether Meridian breached a promissory note to Branch Banking is the underlying subject of this lawsuit, but this question is wholly independent from whether State Auto appropriately denied coverage for two losses on a property securing such a note. This Court is unwilling to see this action transform into a briar patch of cross-cutting discovery and evidentiary issues aimed at proving allegations whose truth is entirely unconnected. It follows that Meridian may not raise its allegations against State Auto as third-party claims under Rule 14.

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** State Auto's motion, ECF No. 61, and **STRIKES** Meridian's Third-Party Complaint, ECF No. 48, in in its entirety.

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

ENTER: November 12, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE